JAMES C. FLYNN ET AL., APPELLEES, v. ROYAL NEIGHBORS OF AMERICA, APPELLANT.

FILED MAY 26, 1923.    No. 22439.

Insurance: DELIVERY OF POLICY. On the facts stated in the opinion, *held* that there was a delivery of the benefit certificate to the insured in her lifetime and while she was in good health.

APPEAL from the district court for Dodge county: A. M. POST, JUDGE. *Affirmed.*

*Benjamin D. Smith* and *Nelson C. Pratt,* for appellant.

*Joseph E. Daly, contra.*

Heard before MORRISSEY, C. J., ALDRICH and DAY, JJ., COLBY and REDICK, District Judges.

ALDRICH, J.

This is an action at law brought by plaintiffs, James C. Flynn and Franklin J. Flynn, a minor, by James C. Flynn, his father and next friend, against the defendant, Royal Neighbors of America, a corporation, having its home office at Rock Island, Illinois, to recover the sum of $2,000 alleged to be due on a benefit certificate issued by the defendant company through Silver Leaf Camp, No. 390, located at Fremont, Nebraska. At the close of the testimony the trial court directed a verdict in favor

of plaintiffs. Judgment was rendered in the sum of $2,367, with interest at the rate of 7 per cent. per annum from September 13, 1921, until paid; and, in addition, the sum of $125 was allowed plaintiffs as attorney fees and taxed as a part of the costs. Motion for new trial was overruled, and defendant appeals.

Helen G. Flynn, (now deceased) had, in years gone by, held a benefit certificate issued by defendant through Camp No. 386, at O'Neill, Nebraska. On September, 21, 1918, she made application for reinstatement or new membership and benefits in the society through Silver Leaf Camp, No. 390, and for a benefit certificate in the sum of $2,000 payable as follows: $1,000 to James C. Flynn, her husband, and $1,000 to Franklin J. Flynn, her son. The camp officers at Fremont recommended the applicant for adoption; on September 27, 1918, she was examined by the camp physician and approved; on October 2, 1918, the application was approved by the supreme physician and recommendation made that a benefit certificate be issued. Helen G. Flynn took the secret and ceremonial work on October 4, 1918, and was initiated and adopted into the order by the officers of Silver Leaf Camp, No. 390. The benefit certificate, No. 487,228, dated at the city of Rock Island, Illinois, on October 31, 1918, was duly issued and forwarded to the recorder of Silver Leaf Camp, No. 390, but was never manually delivered to Helen G. Flynn, who died November 29, 1918, from the effects of an anesthetic administered in a hospital at Rochester, Minnesota, where she underwent an operation for goiter. Defendant's tender of the fees and charges paid by the applicant was refused by plaintiffs, who instituted this action claiming that there was a delivery in law of the benefit certificate to Helen G. Flynn in her lifetime, and that they were entitled to the benefits. Defendants claim  in substance, as a defense, that (1) Helen G. Flynn  ever became a member of the society, and (2) the con ract of indemnity for which application was made by Helen G. Flynn in favor of plain-

tiffs was never completed, that is, that there was no delivery of the certificate.

The record shows that Helen G. Flynn had gone through all the ceremonial processes and had paid all dues and fees necessary to become a member and receive the rights and benefits of the order. Hence, as a matter of fact, she was a member of the society and appellant's contentions to the contrary are without merit.

The next and most important question is: Was the delivery of the policy to a local officer of the lodge a delivery to the applicant? It has been so held by this court in the case of *Tracy v. Supreme Court of Honor*, 4 Neb. (Unof.) 189. In other words, it has been held in a case like the instant one that "A member of a fraternal society had fully complied with the rules and regulations thereof and that the delivery of his certificate by such order, to an officer of the subordinate lodge of which he is a member, was a delivery to him." Such is the rule of law laid down in Nebraska. We believe it is good law and sound practical sense. Notwithstanding that the by-laws in question provide that the policy shall not become effective until there is a manual delivery of it and a receipt for the certificate, we are of the view that the facts of this case are controlled by that decision. In other words, when the deceased insured had complied with all the rules and regulations to become a member, and the society, or supreme lodge, had recognized this to the extent of issuing the benefit certificate and mailing it to an officer of the subordinate lodge of which applicant was a member, we say, as a matter of law, that this was a delivery, and, having paid all dues and complied with all the regulations of the order, she was entitled to the benefits thereof. These being the facts, she was, as a matter of law, recognized as a member in good standing at the time she died and entitled to all the privileges of the society and the benefit certificate. If such were not the case, then of what benefit is a certificate, running all the risks of mistake, inaccuracy

and misstatement of fact? A certificate is the article which shows that the applicant was duly and properly initiated and obligated, and entitled to all the benefits and privileges of the society. In other words, it is an infallible statement of fact and the party issuing it would be estopped from denying or prohibiting a member from enjoying all the privileges connected therewith.

Section 211 of the society's by-laws reads in part as follows: "The liability of this society on any benefit certificate issued by it shall not begin until such certificate shall have been countersigned by the oracle and recorder of the local camp and actual manual possession be delivered to the member applying therefor, on payment to the local recorder of the assessment current at time of delivery of said benefit certificate, and while said member is in sound health, and, if a woman, not pregnant; and no officer or camp of this society is authorized or permitted to waive any of the laws of this society which relate to the substance of the contract of indemnity."

The application and the benefit certificate itself by express provision make any and all of the by-laws of the society a part of the insurance contract. Appellant contends the contract was never completed and argues that the above provision of the by-laws that "actual manual possession be delivered" must be literally fulfilled in order to establish plaintiffs' right of recovery on the contract as beneficiaries.

An analogous situation was handled in the case of O'Neal v. Sovereign Camp, W. O. W., 130 Ky. 68. The case is supported by respectable authority and the opinion details a state of facts which is held to constitute a delivery in law of an insurance policy: "A certificate issued to insured on his application was received by the clerk of insured's local camp, when a mistake in the number of the camp was discovered. Insured was directed to appear for initiation and was regularly initiated, and paid all the dues and assessments, but the

clerk returned the certificate to the sovereign camp for correction, and, before a corrected certificate was returned and delivered to insured, he was killed. *Held,* that, when insured was initiated and had paid the dues, the clerk held the original certificate, which was a valid instrument notwithstanding the error, for him, and that such acts constituted a delivery of the original certificate to assured personally as required by the society's constitution in order to initiate defendant's liability."

This rule is directly applicable to the facts shown of record in the instant case. In view of the fact that Silver Leaf Camp, No. 390, received the benefit certificate for delivery during the lifetime of Helen G. Flynn, and while she was in good health, she was entitled to possession of the same, she having been ready, willing and able to receipt for the policy, and having been duly and regularly initiated into the society, and having paid all dues. As a matter of law the recorder of the subordinate camp held the certificate for her and the acts of the defendant society constituted a delivery in law to applicant of the insurance contract.

We think the trial court was correct in directing a verdict for plaintiffs, and in all respects the judgment is affirmed.

In the matter of attorney fees, it is our judgment that a fee of $100 in this court would be just and equitable and the same is hereby allowed.

                                    AFFIRMED.